IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADRIANO KRUEL BUDRI, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2945-C-BN |
| | § | |
| FIRSTFLEET, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action, filed by Plaintiff Adriano Kruel Budri, proceeding *pro se*, in a Dallas County Justice of the Peace court, was removed to this Court by Defendant FirstFleet, Inc. and then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings.

FirstFleet removed this action on the basis of an email its counsel received from Budri on October 24, 2017 through which Budri claims that FirstFleet's conduct violated federal laws. *See, e.g.,* Dkt. No. 2-1 at 58 ("Defendant's conduct has flagrantly violated the consumer's rights under the FCRA (Federal Credit Reporting Act), CPA (Consumer Protection Act), CFPA (Consumer Financial Protection Act), Driver Rights Act, and Privacy Act and including the statutory STAA (Surface Transportation Assistance Act)."); *see also* 28 U.S.C. § 1446(b)(3).

Budri now moves to remand this action. *See* Dkt. No. 11.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny the motion to remand.

**Legal Standards and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, then, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter*, 44 F.3d at 366).

As set out above, through the October 24, 2017 email to FirstFleet's counsel, Budri states that FirstFleet's "conduct ... violated" these federal statutes – the FCRA, the CPA, the CFPA, and the STAA. Dkt. No. 2-1 at 58. FirstFleet therefore properly utilized this email – as "other paper" under Section 1446(b)(3) – to "locate the basis of federal jurisdiction ... necessary to support [Budri's] claim[s]." *Carpenter*, 44 F.3d at

366; *cf. Swanson v. Hempstead*, ___ F. Supp. 3d ___, No. 3:17cv088-MPM-RP, 2017 WL 3205785, at *2 (N.D. Miss. July 28, 2017) ("A post-complaint demand letter" in which the plaintiff "stated that her personal injury claim could be settled for $110,000" – above the minimum amount in controversy for diversity jurisdiction – is "exactly the 'other paper' which clarifies the removability of the action…. The Court is to determine the amount in controversy as determined by the relief sought in the complaint in conjunction with any 'other paper' that may clarify the monetary value of the damages sought." (citations omitted)).

Budri grounds the motion to remand on two premises: (1) that the amount in controversy in this action is less than $10,000, as evidenced by its filing in the Justice of the Peace court; and (2) that removal was improper based on 28 U.S.C. §§ 1337 and 1445(b). *See* Dkt. No. 11. The Court should reject both, somewhat related grounds.

While Budri argues, under Section 1337 and 1445(b), that FirstFleet's alleged status "as a common carrier" prevents the removability of an action against FirstFleet seeking less than $10,000, the "reliance on § 1445(b) is misplaced….

> [That provision] is a limit on the removal of cases that fall within 28 U.S.C. § 1337….
>
> > Section 1445(b) proscribes the removal of suits brought against a common carrier or its receivers or trustees in a state court under the Interstate Commerce Act for damages for delay, loss, or injury of shipments, unless the amount in controversy exceeds $10,000. The restriction applies to cases falling within Section 1337 of Title 28, which grants the federal courts original jurisdiction over all actions arising under any federal statute regulating commerce, regardless of the amount in controversy. Section 1445(b) operates to control the large number of small damage cases that would

> be removable in its absence and that were removable prior to the adoption of the predecessor of Section 1445(b).

*Ervin v. Stagecoach Moving & Storage, Inc.*, No. 3:01-cv-587-D, 2001 WL 1667820, at *1 (N.D. Tex. July 25, 2001) (citing 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3729 (3d ed. 1998); emphasis omitted).

Like the plaintiff in *Ervin*, Budri "does not plead a claim for relief under 49 U.S.C. § 11706 or § 14706." *Id.* The removability of this action is therefore not constrained by Section 1445(b), which expressly applies only to actions filed in state courts "against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under" those sections "unless the matter in controversy exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1445(b).

## Recommendation

The Court should deny the motion to remand [Dkt. No. 11].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 3, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE