IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADRIANO KRUEL BUDRI, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2945-C-BN |
| | § | |
| FIRSTFLEET, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action, filed by Plaintiff Adriano Kruel Budri, proceeding *pro se*, in a Dallas County Justice of the Peace court, was removed to this Court by Defendant FirstFleet, Inc. and then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. Budri has moved to dismiss his action without prejudice. *See* Dkt. No. 29. And FirstFleet has filed a court-ordered response to the motion asserting that this action should be dismissed with prejudice as to the federal claims asserted and that it should be awarded costs and fees in defending this lawsuit. *See* Dkt. No. 33; *see also* Dkt. No. 31. The undersigned now issues these findings of fact, conclusions of law, and recommendation that the Court should enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing this action without prejudice.

**Applicable Background**

The Court set out the procedural history of this action in its November 15, 2017

-1-

Order Regarding Pretrial Case Management [Dkt. No. 28] and need not rehash it here. The day after entry of that order, Budri moved to dismiss this action, *see* Dkt. No. 29, and, shortly thereafter, Judge Cummings denied Budri's motions to remand, *see* Dkt. No. 30; *see also* Dkt. No. 13.

**Legal Standards and Analysis**

As applicable, here, Rule 41 provides:

(a) Voluntary Dismissal.

    (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

    (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

A proper Rule 41(a)(1)(A)(i) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)).

"Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. Accordingly, the district court may not attach any conditions to the dismissal." *Id.* (citations and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit "has determined that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." *Amerijet*, 785 F.3d at 973-74 (citations and internal quotation marks omitted).

Here, an answer was filed in state court prior to removal. *See* Dkt. No. 2-1 at 16-18. Voluntary dismissal is therefore only allowed under either Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2). Voluntary dismissal by stipulation or by court order is presumptively without prejudice, unless the stipulation or order states otherwise. *See id.* The Fifth Circuit has recently summarized the governing law for Rule 41(a)(2) voluntary dismissals:

> Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Voluntary dismissals "should be freely granted," but a plaintiff's request will not be

> allowed if "the non-moving party will suffer some plain legal prejudice." Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side."
>
> For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice.

*Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (citations omitted). The Fifth Circuit has more recently further discussed possible conditions on a Rule 41(a)(2) voluntary dismissal:

> "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'" "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."
>
> "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." Typical examples of permissible conditions include payment of costs and attorney's fees. Other conditions could include "making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses."
>
> In contrast, a condition limiting the plaintiff's right to refile to the original forum is "not the type usually found in Rule 41(a)(2) dismissals." Instead of concerns about cost or reproducing discovery, the "only alleged

-4-

> prejudice in this case, upon refiling," absent the forum limitation imposed by the district court, is that "plaintiffs may gain a tactical advantage." Yet, "[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." Indeed, the "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal."
>
> If the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage should not justify the imposition of a refiling condition. In sum, the potential for forum-shopping does not count as legal prejudice.

*Bechuck*, 814 F.3d at 298-99 (citations and footnotes omitted).

The undersigned cannot find that dismissal of this action without prejudice – and without conditions – will subject FirstFleet to legal prejudice. While this action (Budri's initial state action) was removed to this Court after Budri clarified that this lawsuit involves federal causes of action, some of which, according to FirstFleet, are the subject of pending administrative lawsuits, *see* Dkt. No. 33 at 3, as FirstFleet admits, Budri has filed a second action in state court omitting any federal causes of action, *see id.* at 4. And, while FirstFleet has removed that action to this Court – based on the pendency of this, related action – the undersigned has recommended that the Court *sua sponte* remand that action to state court. *See generally Budri v. FirstFleet, Inc.*, No. 3:17-cv-3241-C-BN (N.D. Tex.). Moreover, neither that FirstFleet's Federal Rule of Civil Procedure 12(b)(6) motion remains pending in this action nor its incursion of fees amounts to legal prejudice. *See* Dkt. No. 33 at 3-4. In sum, dismissal of this action without prejudice would not cross the "fine line ... between imposing 'plain legal prejudice' and merely subjecting [FirstFleet] to another lawsuit." *Manshack v. Sw.*

*Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *see Saleh v. Time Warner Cable*, No. 3:16-cv-2782-G-BN, 2017 WL 979061, at *6 (N.D. Tex. Feb. 17, 2017) ("[N]either the short pendency of this action, nor the risk of a second action, nor TWC's incursion of expenses to defend this suit, nor even any desire by Saleh to refile this action hoping that it will be assigned to a different judge of this Court amounts to plain legal prejudice to TWC that requires that the Court [dismiss the action with prejudice or impose curative conditions]" (citation omitted)), *rec. accepted*, 2017 WL 958614 (N.D. Tex. Mar. 13, 2017); *Moore v. Crescent Med. Ctr.*, No. 3:16-cv-3362-M-BN, 2017 WL 3822753, at *4 (N.D. Tex. Aug. 7, 2017) (dismissing without prejudice under Rule 41(a)(2) even where a plaintiff's "litigation tactics ... frustrated [the defendant] and wasted judicial resources"), *rec. accepted*, 2017 WL 3726921 (N.D. Tex. Aug. 30, 2017).

**Recommendation**

The Court should enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE